ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 1 0 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FRANKLIN FIRST FINANCIAL, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | NO. _____ |
| | ) | **1:09-CV-3139** |
| EXODUS VALUATION SERVICES & | ) | |
| RESOURCES, INC | ) | |
| | ) | |
| Defendant. | ) | **-ODE** |
| | ) | |

## COMPLAINT

COMES NOW, FRANKLIN FIRST FINANCIAL, LTD (hereinafter "Franklin First"), Plaintiff, and files this its Complaint against the Defendants, respectfully showing this Honorable Court as follows:

1.

Franklin First is a New York Corporation registered with the Georgia Secretary of State to do business in the State of Georgia.

2.

Defendant Exodus Valuation Services & Resources, Inc. (hereinafter, "Exodus") is a dissolved corporation. Exodus Valuation Services & Resources, Inc. may be

served through its registered agent, Rania Sanders, 484 Wynbrooke Parkway, Stone Mountain, DeKalb County, Georgia 30087. Exodus Valuation Services & Resources, Inc. is subject to the jurisdiction of this Court and venue is proper herein.

3.

Plaintiff asserts jurisdiction of this Court due to Diversity of Citizenship as set forth in 28 U.S.C. § 1332. Complete diversity exists as Plaintiff is a New York Corporation, and Defendant Exodus is a dissolved Georgia Corporation.

4.

The amount in controversy exceeds the statutory amount of Seventy-Five Thousand and 00/100 Dollars ($75,000.00). The Court has pendent jurisdiction over the remaining counts.

## STATEMENT OF FACTS

5.

Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1 through 6 of its Complaint as if fully set forth herein.

6.

In or about August 2006, Exodus contracted for and performed an appraisal of real property located at 57 Ashleywood Drive, Dahlonega, Lumpkin County, Georgia 30533 (hereinafter, the "Property").

7.

Exodus performed a written appraisal of the Property on or about August 16,
2006 (hereinafter, the "Appraisal Report").

8.

Exodus valued the Property in the Appraisal Report at Two Hundred Ninety
Thousand and 00/100 Dollars ($290,000.00).

9.

In justifiable reliance upon the Appraisal Report, Franklin First, on August 18,
2006, loaned the owner of the Property One Hundred Eighty Nine Thousand and
00/100 Dollars ($189,000.00), taking a first position security interest in the Property as
collateral.

10.

The borrower on the loan defaulted, and was foreclosed by non-judicial
foreclosure in May 2008.

11.

The value of the Property is substantially less than both the appraised value
of Two Hundred Ninety Thousand and 00/100 Dollars ($290,000.00) and the initial
loan amount of One Hundred Eighty Nine Thousand and 00/100 Dollars
($189,000.00).

12.

On May 8, 2008, CitiMortgage confirmed its foreclosure sale in the amount of One Hundred Ninety Three Thousand Six Hundred Sixty Nine and 27/100 Dollars ($193,669.27).

13.

Plaintiff has had a direct loss as a result of the low appraisal in an amount to be proven at trial.

14.

Plaintiff is claiming professional negligence against a licensed appraiser.

15.

At all times pertinent to this Complaint, Exodus was duly licensed to perform appraisals of real property in Georgia and, as such, Exodus was required to exercise a reasonable degree of care and skill in keeping with the standards of practice for real estate appraisers in the State of Georgia.

16.

Defendant has committed acts and/or omissions of professional negligence which are the actual and proximate cause of damages to Franklin First including, but not limited to, the following:

(a)    engaging in conduct, acts, and omissions below acceptable professional standards;

(b)    breaching his legal and fiduciary duties;

(c)    committing negligence;

(d)    breaching a warranty of competence and skill to perform properly real property appraisal services; and

(e)    committing acts and omissions of professional negligence which were the actual and proximate cause of damages to Franklin First.

## 17.

Franklin First is entitled to recover all actual losses including, but not limited to, both general and special compensatory damages, plus interest, consequential damages, and attorney's fees and costs for Defendant's professional malpractice.

WHEREFORE, Plaintiff Franklin First Financial, LTD prays for relief as follows:

(a)    That judgment be entered against Defendants for actual damages arising as a consequence of Defendants' actions or inactions in the form of general and special compensatory damages, interest, and Franklin First's attorney's fees and costs in an amount to be determined at trial;

(b)    For such other and further relief that this Court deems just and proper.

This ___10th___ day of November, 2009.

Respectfully submitted,

PETER L. LUBLIN
Georgia State Bar No. 460461
BRIAN LINKOWSKI
Georgia State Bar No. 141403
ATTORNEYS FOR PLAINTIFF
FRANKLIN FIRST FINANCIAL, LTD

Rubin Lublin Suarez Serrano, LLC
3740 Davinci Court
Suite 100
Norcross, GA 30092
(770) 246-3333 (Telephone)
(404) 601-5415 (Facsimile)
plublin@rubinlublin.com

# FONT CERTIFICATION

The undersigned counsel for Plaintiff Franklin First Financial, LTD hereby certifies that the within and foregoing Complaint was prepared using Times New Roman 14-point font in accordance with LR 5.1(B).

This _1st_ day of November, 2009.

_____
PETER L. LUBLIN
Georgia State Bar No. 460461
BRIAN LINKOWSKI
Georgia State Bar No. 141403
ATTORNEYS FOR PLAINTIFF
FRANKLIN FIRST FINANCIAL, LTD

Rubin Lublin Suarez Serrano, LLC
3740 Davinci Court
Suite 100
Norcross, GA 30092
(770) 246-3333 (Telephone)
(404) 601-5415 (Facsimile)
plublin@rubinlublin.com